**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| IN RE:<br><br>**BURTON M. KAHN,**<br>  Debtor. | Chapter 7<br><br>Case No. 14-50980-cag |
| **HELVETIA ASSET RECOVERY, INC.**<br>  Plaintiff,<br>  v.<br>**BURTON M. KAHN,**<br>  Defendant. | Adversary Proceeding No. 14-05052-cag |

**PLAINTIFF'S OPPOSED MOTION TO CONSOLIDATE SANCTIONS**
**HEARING WITH TRIAL ON THE MERITS, AND BRIEF IN SUPPORT**

TO THE HONORABLE CRAIG GARGOTTA, UNITED STATES BANKRUPTCY JUDGE:

Plaintiff Helvetia Asset Recovery, Inc. ("Helvetia"), creditor and party-in-interest, files this Opposed Motion to Consolidate Sanctions Hearing with Trial on the Merits ("Motion") in order to conserve the time of the Court and the litigants, and for purposes of fairness. Helvetia respectfully submits the following:

**I.**
**INTRODUCTION**

1. By consolidating the hearing on Defendant Burton Kahn's ("Mr. Kahn") Motion for Sanctions ("Sanctions Motion") (Doc. #10) with the trial on the merits, the Court may avoid hearing the same evidence twice from the same witnesses and on the same issues.

2. The Sanctions Motion is set for hearing on October 29, 2014. Trial on the merits is set for January 7, 2015. Helvetia is ready to try both matters on October 29, on January 7, or on some other day as the Court may direct.

1

3.  Plaintiff's counsel conferred with Mr. Kahn through email exchanges concerning the relief requested by the motion. Plaintiff construes Mr. Kahn's responsive email as opposition to the consolidation of the two matters.[1] Accordingly, this motion is presented as an opposed motion.

## II.
### ISSUES OF COLLATERAL ESTOPPEL AND COLLATERAL ATTACKS OF JUDGMENTS WOULD BE AVOIDED BY A CONSOLIDATED HEARING

4.  Mr. Kahn's Sanctions Motion is less than cogent. He seems to argue that Helvetia or its counsel should be sanctioned for allegations contained in Section III, the "Factual Background" portion, of Plaintiff's Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a) in this adversary action (the "Complaint") (Doc. #1). The Complaint requests relief that debt owed by Mr. Kahn in the form of two state court judgments is found to be nondischargeable.[2]

5.  In his Sanctions Motion, Mr. Kahn complains that Helvetia's factual statements in the Complaint are factually insufficient, describing them variously as "false and fictitious," "innuendos and half-truths," "out of context," "lies and fabrications," and "fabricated and false data." *See* Sanctions Motion, pp. 6-21.

6.  It is Helvetia's position that the issues and facts forming the bases of its theories of nondischargeability in its Complaint were fully and actually litigated in the two prior state court proceedings, thereby precluding both Helvetia and Mr. Kahn from relitigating those grounds under the doctrine of collateral estoppel. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112

---

[1] The parties' email conference is attached as Exhibit 1.

[2] The state court judgments are attached as Exhibits 2 and 3.

Exhibit 2, Final Judgment and Order of Sanctions, entered April 1, 2014 in *In re: A Purported Lien against Helvetia Asset Recovery, Inc.*, Cause No. 2013-CI-18394, 224th Judicial District, Bexar County, Texas;

Exhibit 3, Final Judgment, entered June 11, 2014 in *Helvetia Asset Recovery, Inc. v. Burton Kahn and Paradiv Corporation*, Cause No. 2013-CI-18355, 37th Judicial District, Bexar County, Texas.

L.Ed.2d 755 (1991); *RecoverEdge, L.P. v. Pentecost*, 44 F.3d 1284, 1294 (5th Cir. 1995); *Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264 (5th Cir. 2005).

7. By asserting the "factual insufficiency" contentions in his Sanctions Motion, Mr. Kahn collaterally attacks the findings of fact supporting the two state court judgments. He suggests that by obtaining the judgments Helvetia or its counsel successfully pulled the wool over the eyes of three different Bexar County state court judges and twelve unanimous jurors.[3]

8. The findings within the two state court judgments declare that Mr. Kahn filed a fictitious lawsuit, committed a fraud on the court and on Helvetia, filed fraudulent warranty deeds to chill Helvetia's real estate sales, and embezzled funds from his employer's (Helvetia) bank account. The fact finders found Mr. Kahn's conduct was willful and malicious, intentional, performed in bad faith, and constituted theft and harassment, all of which caused harm and injury to Helvetia, and thereby warranted a substantial sanctions award and punitive damages. As stated in the Complaint, the facts as found in the judgments support nondischargeability of the debt under § 523(a)(4) and (6).

9. The issue of collateral estoppel is a serious one. "To even advocate that 'a final judgment obtained prior to the commencement of a bankruptcy case can be reopened by [a bankruptcy] court and in effect retried makes no sense ... `Bankruptcy proceedings may not be used to relitigate issues already resolved by a court of competent jurisdiction.'" *Mann Bracken, LLP v. Powers (In re Powers)*, 421 B.R. 326, 336-37 (Bankr. W.D. Tex. 2009) (citing *John*

---

[3] The Hon. Michael Mery presided over the May 2014 jury trial before entering the Final Judgment in Cause No. 2013-CI-18355.

The Hon. Karen Pozza presided over a three-day evidentiary hearing in December 2013 before granting Helvetia's application for a temporary injunction in that same matter enjoining Mr. Kahn from taking further actions under Helvetia's name without its authority, and compelling him to tender money he took from Helvetia into the registry of the court.

The Hon. Martha Tanner presided over the two-day evidentiary hearing in March 2014 before entering the Final Judgment and Order of Sanctions in 2013-CI-18394.

3

*Labatt Ltd. v. Messina (In re Messina)*, 2000 WL 311145, *6, 2000 Bankr.LEXIS 225, at *18 (Bankr.N.D.Ill. Mar. 27, 2000) (citations omitted); *In re Whitaker*, Case No. 10-40122, Adversary No. 10-4057, (Bankr. E.D. Tex. Aug. 29, 2014) (citing *Browning v. Prostock*, 165 S.W.3d 336, 346 (Tex. 2005); *Union Planters Bank Nat. Ass'n v. Salih,* 369 F.3d 457, 462 (5th Cir. 2004)) (presentation of defensive issues should have been presented in state court litigation, and raising issues in defense of adversarial claim "constitutes an impermissible collateral attack").

10. If the Court is inclined at the hearing on the Sanctions Motion to consider evidence extraneous to the two final state court judgments, or if Mr. Kahn attempts to collaterally attack the judgments at the hearing on the Sanctions Motion and relitigate the two cases, Helvetia respectfully requests that for purposes of judicial efficiency these proceedings take place only one time, as part of a trial on the merits.

### III.
### THE SANCTIONS MOTION IS PREMATURE AND AN IMPROPER SUBSTITUTE FOR A MOTION TO DISMISS OR MOTION FOR SUMMARY JUDGMENT

11. In effect, Mr. Kahn asks this Court to dismiss this adversary action or grant summary judgment in his favor in the guise of a motion for Rule 11 sanctions. A Rule 11 motion for sanctions is not an appropriate substitute for summary judgment proceedings. *See Safe-Strap Co., Inc. v. Koala Corp.*, 270 F.Supp.2d 407, 412-420 (S.D.N.Y. 2003) (denying motion for sanctions in part because the motion served, "in an improper fashion, as a surrogate for a summary judgment motion"; noting that a Rule 11 motion is ordinarily determined at the end of the proceedings). *See also, Wald et al v. Investment Technology Group, Inc.*, 1:04-cv-01691, No. 12 (S.D.N.Y. May. 21, 2004) (finding logic of the "well-reasoned opinion" in *Safe-Strap* in opting to "defer ruling on a similarly early Rule 11 motion until the end of litigation.")

12. "In assessing whether Rule 11 sanctions should be imposed, the court does not judge the merits of an action." *Safe-Strap Co.,* 270 F. Supp. 2d at 417 (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)). "Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Cooter & Gell*, *Id.*

13. The Advisory Committee Notes for Rule 11 explain that "Rule 11 motions . . . should not be employed . . . to test the sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." FED.R.CIV.P. 11 Advisory Comm. Notes (1993 Amendments); *see Safe-Strap*, 270 F.Supp.2d at 416 (Rule 11 should not be used to raise issues of legal sufficiency that more properly can be disposed of by a motion to dismiss or a motion for summary judgment); 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1336 (2d ed. Supp. 2003); *Blue v. United States Dep't of the Army*, 914 F.2d 525, 535 (4th Cir. 1990) ("[C]laims that are plainly meritless should be disposed of early in the course of litigation through summary judgment or other pretrial motion[s].... As a general matter, dismissal of a frivolous ... case on the merits should be a first option, whereas imposition of sanctions should be a matter of last resort").

14. Like here, the allegations in the defendants' motion for sanctions in *Sortium, USA, LLC v. Hunger*, 2014 U.S. Dist. Lexis 35920 (N.D. Tex.) were "essentially summary judgment arguments about the legal and factual sufficiency of the complaint." The defendants in *Sortium* sought sanctions for statements made in the factual background section of *Sortium's* complaint, asserting that the claims were factually or legally deficient or baseless.

15. The Court denied the defendants' motion for sanctions stating:

> The distinct approaches that courts employ in disposing of Rule 11 and summary judgment motions underscore the meaningful differences between

5

> the purposes and standards associated with Rule 11, a rare and extraordinary remedy that governs the imposition of certain types of sanctions, and Rule 56, which governs motions for summary judgment. *See Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 960-961 (6th Cir. 1990). At the very least, it is well settled that a claim that has "some plausible basis, [even] a weak one," is sufficient to avoid sanctions under Rule 11. *United Nat. Ins. Co. v. R & D Latex Corp.,* 242 F.3d 1102, 1117 (9th Cir. 2001). That is true even where the evidence is weak and could not survive summary judgment. *See Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1472 (9th Cir. 1987) (reversing grant of Rule 11 sanctions where, although evidence was "weak" and could not survive summary judgment, court could not "say that the complaint [was] so lacking in plausibility as to ... subject [the attorney] to" sanctions). Rule 11, again, is meant to deter significant abuses of the judicial process by an attorney, not weed out his or her weak legal and factual arguments.

*Id.*; *see also, Laughlin v. Perot*, No. 3:95-cv-2577-R, 1997 WL 135676, at *8 (N.D. Tex. Mar. 12, 1997).

16.   The Court in *Sortium* noted that the defendants' summary judgment motion was framed the same way as their motion for sanctions. *Id.* Here, similarly, Mr. Kahn's Sanctions Motion is nearly identical to his originally filed "response" to the Complaint. *See* Defendant's Response to Plaintiff's Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. 523(a) and Motion for Sanctions ("Response") (Doc. #4). After the Court struck Mr. Kahn's request for sanctions in his Response without prejudice to refiling, Mr. Kahn merely changed the title and some paragraph headings, and refiled essentially the same document as his Sanctions Motion.[4] (Doc. ## 6, 10). Accordingly, Mr. Kahn's defensive arguments are identical to the arguments in his Sanctions Motion, further supporting consolidation of the hearings or, alternatively, hearing any request for sanctions after the Court has had an opportunity to assess the Complaint.

17.   In other words, assuming the Court finds the allegations in the Complaint have evidentiary support, hearing a sanctions motion before the merits is putting the cart before the

---

[4] Mr. Kahn, for example, replaced subparagraph headings of "Gross Lie No. [ ]" or "Twisted Fact No. [ ]" with "Evidentiary Proof that Plaintiff Sanctionable Claim # [ ] is False and is Sanctionable."

horse. If the Complaint is well grounded, subjecting Helvetia or its counsel to what they contend are grossly false charges of misconduct by Mr. Kahn would be unnecessary and also, frankly, unfair. See *Sortium, id., ("*A sanction under Rule 11 is 'an extraordinary remedy, one to be exercised with extreme caution'") (citing *Laughlin, id.)* Helvetia's counsel may have to take the witness stand and testify as to their diligence in investigation of the claims before the Complaint was filed. This would require a waiver of work product and privilege; requiring waiver of work product or privilege before trial on the merits could very well create conflict between the lawyers and their client.

## IV
## KAHN'S SANCTIONS MOTION IS A REHASH AND AN ABUSE OF THE JUDICIAL SYSTEM

18. Kahn's Sanction Motion rehashes his similar motion against Lisa Barkley in state court on July 24, 2014 where he made similar complaints about the Complaint.[5] Kahn served Barkley twice with subpoenas compelling her to produce her "prenuptial agreements," bank statements, deeds, computers, tax returns, phone records and jewelry, among other items. In the filed subpoenas, Kahn asserted:

> Barkley…is signor of the frivolous filing and is now subject to monetary sanctions. The information requested is to ensure that if the court finds against Lisa Barkley then she will be able to pay sanctions.[6]

19. The same state court judge who presided over the jury in Cause No. 2013-CI-18355, where the jury awarded Helvetia exemplary damages of $900,000, granted Helvetia's motion to strike Mr. Kahn's state court sanctions motion because the court's plenary jurisdiction had expired. The state court, *sua sponte*, wrote into the order that if it still had jurisdiction, the court

---

[5] Exhibit 4, Kahn's Second Amended Motions for Sanctions against Barkley (without exhibits).

[6] Exhibits 5, Barkley subpoenas.

had considered the sanctions motion and was "of the opinion that said motion should, in all things, be denied."[7]

WHEREFORE, Plaintiff Helvetia Asset Recovery, Inc. respectfully requests that the Court grant this Motion and that it consolidate the hearing on Defendant/Debtor Burton Kahn's motion for sanctions to coincide with the trial on the merits on October 29, 2014, January 7, 2015, or at some other date as set by the Court.

Respectfully submitted this 22nd day of October, 2014.

        HAYNES AND BOONE, LLP

        /s/ *Scott W. Everett*
        Scott W. Everett, TBN 00796522
        Werner A. Powers, TBN 16218800
        2323 Victory Avenue, Suite 700
        Dallas, Texas 75219
        Telephone: 214.651.5000
        Facsimile: 214.651.5940

        Lisa S. Barkley, TBN 17851450
        HAYNES AND BOONE, L.L.P.
        112 E. Pecan, Suite 1200
        San Antonio, Texas 78205
        Telephone: 210.978-7427
        Facsimile: 210-554-0427

        scott.everett@haynesboone.com
        werner.powers@haynesboone.com
        lisa.barkley@haynesboone.com

        ATTORNEYS FOR PLAINTIFF
        HELVETIA ASSET RECOVERY, INC.

---

[7] Exhibit 6, Order.

**CERTIFICATE OF CONFERENCE**

This will certify that Counsel for Plaintiff Helvetia Asset Recovery Inc. conferred by email with Defendant Burton Kahn on October 21, 2014 concerning the relief requested in this Motion. Plaintiff construes Mr. Kahn's responsive email as opposition to this motion.[8]

                                                /s/ *Lisa S. Barkley*
                                                Lisa S. Barkley

**CERTIFICATE OF SERVICE**

      This certifies that on October 22, 2014, a true and correct copy of *Plaintiff's Motion to Consolidate Sanctions Hearing with Trial on the Merits* was served via e-mail on the parties who receive electronic notice in this case pursuant to the Court's ECF filing system, and upon the parties identified below in the manner indicated, in accordance with the Federal Rules of Bankruptcy Procedure.

Burton M. Kahn                                                *Via email: glentrail@yahoo.com*
1706 Alpine Circle
San Antonio, Texas
*Defendant*

Johnny Thomas                                                *Via email: 1thomas@prodigy.net*
St. Paul Square
1153 E. Commerce
San Antonio, Texas 78205
*Chapter 7 Trustee*

                                                /s/ *Scott W. Everett*
                                                Scott W. Everett

---

[8] See Exhibit 1.