NO. 2013-CI-18355

| | | |
|---|---|---|
| HELVETIA ASSET RECOVERY, INC. | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| BURTON KAHN and | § | |
| PARADIV CORPORATION, | § | |
| | § | |
| *Defendants.* | § | 407th JUDICIAL DISTRICT |

## FINAL JUDGMENT

On May 12, 2014, the Court called this case for trial. Plaintiff Helvetia Asset Recovery, Inc. appeared through its attorneys and announced ready for trial. Defendant Burton Kahn appeared in person pro se and announced ready for trial. Defendant Paradiv Corporation did not appear except through its director and officer, Burton Kahn, who is not licensed to practice law in this state. The Court then empanelled and swore a jury consisting of twelve qualified jurors, and the case proceeded to trial. At the close of the evidence, the Court submitted questions, definitions, and instructions to the jury. On May 21, 2014, the jury returned its verdict. The Charge of the Court and the jury's verdict are attached hereto and are incorporated herein by reference. This Final Judgment expressly incorporates all findings of the jury for all purposes.

The jury's verdict was received, filed and entered of record. Plaintiff moved for judgment on the verdict, and the Court, having considered the pleadings, the evidence, the jury verdict, and the applicable law, hereby renders Final Judgment on the verdict (the "Judgment") as follows:

It is ORDERED and DECREED that Plaintiff is declared the owner of the funds in the registry of the Court that were deposited by Defendants pursuant to the Temporary Injunction

FINAL JUDGMENT

**EXHIBIT 3**

Page 1

previously entered herein, and that totaled, at the time of disbursement, the amount of $291,453.61.

It is further ORDERED that Plaintiff recover from Defendants Burton Kahn and Paradiv Corporation the sum of $854,166 in actual damages, plus pre-judgment interest from November 4, 2013, at the rate of $117.01 per day until the day before this Judgment is signed.

It is further ORDERED that Defendants receive a credit for sums Plaintiff received from the registry of the Court in the amount of $291,453.61, said credit to be applied against the actual damages and accrued interest as of the date the Judgment is signed.

It is further ORDERED that Plaintiff recover from Defendant Burton Kahn exemplary damages in the sum of $900,000.

It is further ORDERED and DECREED that Plaintiff recover its reasonable attorneys' fees as allowed by the Texas Declaratory Judgment Act and pursuant to Chapter 12 of the Texas Civil Practice & Remedies Code, § 12.002(b)(3).

It is further ORDERED that Plaintiff recover from Defendants Burton Kahn and Paradiv Corporation attorneys' fees in the sum of $280,000. In the event of an appeal to the court of appeals, Plaintiff, if successful, shall recover an additional $20,000 in fees, and, if another appeal is sought, Plaintiff shall recover another $10,000 in fees.

It is further ORDERED that Plaintiff recover all costs of court.

It is further ORDERED that Plaintiff recover on all amounts awarded herein post-judgment interest at the highest lawful rate allowed by law as of the date of this Judgment until paid.

It is further ORDERED that all amounts awarded herein, other than exemplary damages, are jointly and severally owed by Defendants Burton Kahn and Paradiv Corporation.

FINAL JUDGMENT                                                                    Page 2

It is further ORDERED that Burton Kahn deliver and deposit into the registry of this Court within the next 30 days any sums that he was previously ordered to deposit into the registry of the Court and did not.

It is further ORDERED that Burton Kahn be and he is permanently enjoined from conducting business in the name of the Plaintiff or in any way interfering with Plaintiff's business activities, including but not limited to Plaintiff's sales of lots in the Key Largo subdivision, based on any fact or circumstance that exists as of the date this Judgment is entered or which has ever existed in the past.

It is further ORDERED that all writs and processes necessary or appropriate for the enforcement or collection of this Judgment or the costs of court may issue as necessary.

All relief requested in this case and not expressly granted is denied. This Judgment finally disposes of all claims and all parties and is an appealable Final Judgment.

SIGNED this _11_ day of _June_, 2014.

_Michael E. Mery_
JUDGE PRESIDING

D-2273499_2

**FINAL JUDGMENT**                                                          Page 3

# EXHIBIT A



CAUSE NO. 2013-CI-18355

| | | |
|---|---|---|
| HELVETIA ASSET RECOVERY, INC., | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | BEXAR COUNTY, TEXAS |
| | § | |
| BURTON KAHN and | § | |
| PARADIV CORPORATION, | § | |
| Defendants. | § | 407TH JUDICIAL DISTRICT |

## JURY CHARGE

LADIES AND GENTLEMEN OF THE JURY:

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

**Remember my previous instructions:**

Do not discuss the case with anyone else, either in person or by any other means.

Do not do any independent investigation about the case or conduct any research.

Do not look up any words in dictionaries or on the Internet.

Do not post information about the case on the Internet.

Do not share any special knowledge or experiences with the other jurors.

Do not use your phone or any other electronic device during your deliberations for any reason.

**Here are the instructions for answering the questions:**

1.  Do not let bias, prejudice or sympathy play any part in your decision.

2.  Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3.  You are to make up your own mind about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on the matters of law, you must follow all my instructions.

JURY CHARGE

Page 1

Document scanned as filed.

4.      If instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5.      All the questions and answers are important. No one should say that any question or answer is not important.

6.      Answer "Yes" or "No" to all questions unless you are told otherwise. A "Yes" answer must be based on a preponderance of the evidence (unless you are told otherwise). Whenever a question requires an answer other than "Yes" or "No," your answer must be based on a preponderance of the evidence (unless you are told otherwise).

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find a preponderance of the evidence supports a "Yes" answer, then answer "No." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

7.      Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8.      Do not answer questions by drawing straws or by any method of chance.

9.      Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.

10.      Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

11.      The answers to the questions must be based on the decision of at least ten of the twelve jurors. The same ten jurors must agree on every answer. Do not agree to be bound by a vote of anything less than ten jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This will waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

## Presiding Juror

1.      When you go into the jury room to answer the questions, the first thing you will need to do is choose a Presiding Juror.

2.      The Presiding Juror has these duties:

    a.   Have the complete charge read aloud if it will be helpful to your deliberations;

    b.   Preside over your deliberations, meaning manage the discussions and see that you follow these instructions;

    c.   Give written questions or comments to the bailiff who will give them to the judge;

    d.   Write down the answers you agree on;

    e.   Get the signatures for the verdict certificate, and

    f.   Notify the bailiff that you have reached a verdict.

Do you understand the duties of the Presiding Juror? If you do not, please tell me now.

### Instructions for Signing the Verdict Certificate

1.   You may answer the questions on a vote of ten jurors. The same ten jurors must agree on every answer in the charge. This means you may not have one group of ten jurors agree on one answer and a different group of ten jurors agree on another answer.

2.   If ten jurors agree on every answer, those ten jurors sign the verdict.

3.   If eleven jurors agree on every answer, those eleven jurors sign the verdict.

4.   If all twelve of you agree on every answer, you are unanimous and only the Presiding Juror signs the verdict.

5.   All jurors should deliberate on every question. You may end up with all twelve of you agreeing on some answers, while only ten or eleven of you agree on other answers. But when you sign the verdict, only those ten who agree on every answer will sign the verdict.

Do you understand these instructions? If you do not, please tell me now.

_Michael E. Mery_
JUDGE PRESIDING

## DEFINITIONS

You are instructed to use the following definitions when the defined words appear in specific questions or instructions.

1. "Helvetia" refers to the Plaintiff Helvetia Asset Recovery; Inc.

2. "Puerto Verde" refers to Helvetia's sole shareholder, which is in turn wholly owned by Robert Ripley.

3. "Kahn" refers to Defendant Burton Kahn.

4. "Paradiv" refers to Defendant Paradiv Corporation

5. The "Rule 11 Agreement" refers to the document titled "Rule 11 Agreement" and dated November 15, 2013. The Rule 11 Agreement is part of the evidence admitted by the Court and is labeled Plaintiff's Ex. 35.

## QUESTION NO. 1

Did Kahn fail to comply with his fiduciary duty to Helvetia?

You are instructed that Kahn owed a fiduciary duty to Helvetia to conduct its affairs in the best interest of its sole shareholder, Puerto Verde, which was wholly owned by Robert Ripley.

Further, Kahn was obligated to place Helvetia's interests ahead of his own and not to use his position for his personal gain at the expense of Helvetia.

Further, a fiduciary owes a duty of utmost loyalty, honesty, good faith and fairness.

Further, when one enters into a fiduciary relationship, he consents as a matter of law to have his conduct measured by higher ethical standards than the standards that apply to parties who are not in a fiduciary relationship.

Answer "Yes" or "No":     _YES_

## QUESTION NO. 2

If you answered "Yes" to Question No. 1, then answer the following question.  Otherwise, do not answer the following question.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Helvetia for its damages, if any, that were proximately caused by the conduct you found in answer to Question No. 1?

Answer in dollars and cents, if any:

1.  Misappropriation, if any, of assets:  $ _721,166_

2.  Lost profits, if any:  $ _133,000_

## QUESTION NO. 3

Is Kahn responsible for the conduct of Paradiv Corporation?

You are instructed that Kahn is responsible for the conduct of Paradiv if Kahn used Paradiv as a means of perpetrating a fraud for the direct personal benefit of Kahn.

"Fraud" in this context means the breach of some legal or equitable duty, such as a fiduciary duty.

Answer "Yes" or "No:"   YES

## QUESTION NO. 4

Did Kahn hold money which, in equity and good conscience, belonged to Helvetia?

Answer "Yes" or "No:"  Yes

## QUESTION NO. 5

If you answered "Yes" to Question No.4, then answer the following question.  Otherwise, do not answer the following question.

What sum of money, if any, do you find that Kahn held that belonged to Helvetia?

Answer in dollars and cents, if any.

Amount:      $ _721, 166_

## QUESTION NO. 6

Did Kahn slander Helvetia's title to lots in the "Key Largo" subdivision?

You are instructed that slander of title means a person acted deliberately and without reasonable cause to publish false and disparaging words about Helvetia's title to the "Key Largo" subdivision lots, thereby causing a specific loss of a sale or sales.

Answer "Yes" or "No:"    *Yes*

## QUESTION NO. 7

If you answered "Yes" to Question No. 6, then answer the following question. Otherwise, do not answer the following question.

What damages, if any, do you find were caused by Kahn's slander of Helvetia's title to the "Key Largo" subdivision lots?

> You are instructed that the amount of damages, if any, to be awarded should be those damages which would compensate Helvetia for the loss of any sale(s) suffered as a result of the slander of title.

> Answer in dollars and cents, if any.

Amount: $ _133,000_

## QUESTION NO. 8

Did Kahn file a fraudulent court record or claim against real property owned by Helvetia?

You are instructed that a fraudulent court record or claim means it was filed:

     (1) with knowledge that it was fraudulent,

     (2) with the intent that it be given legal effect as a court record or document

          evidencing a valid claim or interest in real property, and

     (3) with the intent to cause physical injury, financial injury, or mental anguish

          or emotional distress.

Answer "Yes" or "No:"  _Yes_

QUESTION NO. 9

If you answered "Yes" to Question No. 8, then answer the following question.  Otherwise, do not answer the following question.

What damages, if any, do you find were caused by Kahn's filing of a fraudulent court record or claim against property owned by Helvetia?

Answer in dollars and cents, if any.

Amount:     $ *133,000*

## QUESTION NO. 10

Answer the following only if you unanimously answered "Yes" to Question No. 1 or Question No. 3.

Do you find by clear and convincing evidence that Kahn committed the conduct you found in answer to Question No. 1 or Question No. 3 either maliciously, fraudulently or through gross neglect?

To answer "Yes" to this question your answer must be unanimous. You may answer "No" if ten or more of you answer "No." Otherwise, do not answer the question at all.

You are instructed that "clear and convincing evidence" means the degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by a person to cause substantial injury or harm to Helvetia.

Answer "Yes" or "No:"  ___YES___

## QUESTION NO. 11

Answer the following question only if you unanimously answered "Yes" to Question No. 10. Otherwise do not answer the following question.

You are instructed that the answer for this question must be unanimous. Otherwise, do not answer this question.

What sum of money, if any, do you find by clear and convincing evidence, if paid now in cash, should be awarded to Helvetia as exemplary damages, if any.

You are instructed that "exemplary damages" means an amount that you may in your discretion award as a penalty by way of punishment.

Factors to be considered in awarding exemplary damages, if any, are:

(1) the nature of the wrong;

(2) the character of the conduct involved;

(3) the degree of culpability;

(4) the situation and sensitivities of the parties concerned;

(5) the extent to which such conduct offends the public sense of justice and propriety;

(6) the Defendant's net worth.

Answer in dollars and cents, if any.

Amount:  $  900,000

## QUESTION NO. 12

Answer the following question only if you unanimously answered "Yes" to Question No. 11. Otherwise do not answer the following question.

You are instructed that the answer for this question must be unanimous. Otherwise, do not answer this question.

Do you find, by clear and convincing evidence, that Kahn committed theft, if any, of property valued at $20,000 or greater?

You are instructed that "theft" means that a person unlawfully appropriates property with the intent to deprive the owner of the property. Appropriating property is unlawful if it is without the owner's effective consent.

A person acts with intent with respect to the nature of his conduct or to a result of his conduct when it is the conscious objective or desire to engage in the conduct or cause the result.

"Deprive" means to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner.

"Owner" means one who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than Kahn or Paradiv.

"Property" means: (a) real property; (b) tangible or intangible personal property, including anything severed from land; or (c) a document, including money, that represents or embodies anything of value.

"Consent" means assent in fact, whether express or implied.

"Effective consent" includes consent by a person legally authorized to act for the owner. Consent is not effective if induced by deception or coercion.

Answer "Yes" or "No:"    Yes

## QUESTION NO. 13.

Answer the following question only if you unanimously answered "Yes" to Question No. 11. Otherwise do not answer the following question.

You are instructed that the answer for this question must be unanimous. Otherwise, do not answer this question.

Do you find, by clear and convincing evidence, that Kahn:

A. intentionally misapplied the following owned by Helvetia in a manner that involved

substantial risk of loss to Helvetia:

    a.  money, or

    b.  lots in the "Key Largo" subdivision; and

B. that the value of the money or lots was $1,500 or greater?

You are instructed that "misapply" means a person deals with property or money contrary to an agreement under which the person holds the property or money.

Also, "substantial risk of loss" means it is more likely than not that loss will occur.

A person acts with intent with respect to the nature of his conduct or to a result of his conduct when it is the conscious objective or desire to engage in the conduct or cause the result.

Answer "Yes" or "No:"    Yes

## QUESTION NO. 14

What is a reasonable fee for the necessary services of Helvetia's attorneys in this case?

In determining a reasonable and necessary fee you may consider the following factors:

- the time and labor involved;
- the novelty and difficulty of the questions involved;
- the skill required to perform the legal services properly;
- the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
- the fee customarily charged in the locality for similar legal services;
- the amount involved and the results obtained;
- the time limitations imposed by the client or the circumstances;
- the nature and length of the professional relationship with the client;
- the experience, reputation, and ability of the lawyer or lawyers performing the services; and
- whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

Answer with an amount for each of the following:

a. For preparation and trial:                Answer: $ _280,000_

b. For an appeal to the Court of Appeals:    Answer: $ _20,000_

c. For an appeal to the Supreme Court of Texas:   Answer: $ _10,000_

## VERDICT CERTIFICATE

Check one:

_____ Our verdict is unanimous.  All twelve of us have agreed to each and every answer.  The presiding juror has signed the certificate for all twelve of us.

_____
Signature of Presiding Juror

_____ Our verdict is not unanimous.  Eleven of us have agreed to each and every answer and have signed the certificate below.


_____ Our verdict is not unanimous.  Ten of us have agreed to each and every answer and have signed the certificate below.


Signature                                              Name Printed

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

BY: _____
DEPUTY

14 MAY 21 PM 2:01

BEXAR COUNTY
DISTRICT CLERK
DONNA KAY McKINNEY
FILED